```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

**EARNEST PRIOVOLOS,**            :
                                  :
      **Plaintiff**       :   CIVIL NO. 1:16-CV-01999
                                  :
  **vs.**                      :
                                  :
**DEPARTMENT OF**                 :   (Judge Rambo)
**CORRECTIONS, et al.,**          :
                                  :
      **Defendants**      :

## MEMORANDUM

## Background

On September 30, 2016, Ernest Priovolos, a former inmate of the State Correctional Institution at Rockview, Bellefonte, Pennsylvania, filed a complaint pursuant to 42 U.S.C. § 1983 against (1) the Pennsylvania Department of Corrections; (2) John Wetzel, Secretary of the Department of Corrections; (3) Mark Garman, Superintendent at SCI-Rockview; and (4) Clerk Reed, (5) Supervisor Jessica Welch, and (6) K. Witman, all individuals employed in the Department of Records at SCI-Rockview. (Doc. 1.) The gist of Priovolos' complaint is that his rights under various provisions of the United States Constitution were violated when he was confined for 5 months beyond the date he was re-paroled

on prior criminal convictions. (Id.) As relief, Priovolos requests compensatory and punitive damages. (Id.) Along with the complaint Priovolos filed a motion to proceed in forma pauperis. (Doc. 2.) For the following reasons, the motion to proceed in forma pauperis will be granted for the purpose of filing this action only and the complaint will be dismissed as legally and factually frivolous under 28 U.S.C. § 1915(e)(2)(B)(I).

When considering a complaint accompanied by a motion to proceed in forma pauperis, a district court may rule that process should not be issued if the complaint is malicious, presents an indisputably meritless legal theory, or is predicated on clearly baseless factual contentions. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989); Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989). Indisputably meritless legal theories are those "in which either it is readily apparent that the plaintiff's complaint lacks an arguable basis in law or that the defendants are clearly entitled to immunity from suit . . . ." Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir. 1990) (quoting

Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir. 1990)). The Supreme Court has recognized that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible . . . ." Denton v. Hernandez, 504 U.S. 25, 33 (1992); see also Roman, 904 F.2d at 194 (baseless factual contentions describe scenarios clearly removed from reality). The Court of Appeals for this circuit has held that "the plain meaning of 'frivolous' authorizes the dismissal of in forma pauperis claims that . . . are of little or no weight, value, or importance, not worthy of serious consideration, or trivial." Deutsch v. United States, 67 F.3d 1080, 1083 (3d Cir. 1995). It also has been determined that "the frivolousness determination is a discretionary one," and trial courts "are in the best position" to determine when an indigent litigant's complaint is appropriate for summary dismissal. Denton, 504 U.S. at 33.

    The allegation in the complaint and the documents attached to the complaint reveal that on January 28, 1991, an aggregate sentence of 12 to 27

years was imposed on Priovolos by the Montgomery County Court of Common Pleas for third degree murder and robbery. (Doc. 1, at 11.) Priovolos initial minimum sentence date was March 5, 2002, and his maximum sentence date was March 5, 2017. (Id.) Sometime after his minimum date Priovolos was paroled and then in January, 2014, he was arrested in Bucks County for several offenses, including accident involving damage to attended vehicle and property, reckless driving, trespass by motor vehicle, and failure to stop and render aid. (Doc. 1, at 3; Commonwealth of Pennsylvania v. Ernest H. Priovolos, CP-09-CR-0002581-2014.)[1] As a result of the new offenses, the Pennsylvania Board of Probation and Parole revoked Priovolos's parole. On February 2, 2015, Priovolos was sentence in Buck County

---

1. The court utilized the Unified Judicial System of Pennsylvania Web Portal to review the docket of Priovolos' criminal case. A district court may take judicial notice of proceedings in another court. See United States v. Wilson, 631 F.2d 118 (9th Cir. 1980); Hayes v. Woodford, 444 F.Supp.2d 1127, (S.D. Cal. 2006)("[F]ederal courts may take judicial notice of other courts' proceedings, within the federal judiciary and without, if the proceedings directly relate to the matter before the court.").

with respect to the new charges and received a sentence of 5 months to 12 months imprisonment to be served at a State Correctional Institution. (Doc. 1, at 11.) Priovolos, however, did not commence the sentence of five months until he was granted re-parole from the parole revocation sentence imposed relating to the third degree murder and robbery convictions. (Id. at 3.) Priovolos was re-paroled on January 22, 2016. (Id.)

      Priovolos filed a grievance at SCI-Rockview relating to his sentence computation. The final appeal with respect to that grievance was decided by Chief Grievance Officer Dorina Varner of the Pennsylvania Department of Corrections on August 18, 2016. Ms. Varner in denying Priovolos' appeal gave the following explanation:

> This office is in receipt of your appeal, has reviewed all applicable documents, and consulted with relevant professional staff. In your grievance, you believe that the Department has erred when calculating your sentence and take particular issue with your Bucks County sentence being added as a detainer. Despite the very detailed initial review response, you continue your appeal.
>
> A review of the records by the Sentence Computation Unit (CSCU) reflects that the Bucks County Sentence CP 2581 was correctly

5

> kept as a detainer to be served in the DOC. CP 2581 was the reason for the parole violation under BK-7170[2] and was used as a reason for recommit. Bucks County also ordered the sentence to be served in an SCI. . . . Because CP 2581 was ordered to be served in an SCI and because the total aggregation with back-time is over 2 years, this becomes a state sentence to be served in the SCI. In accordance with the parole act title 62 § 6138, the order of service of sentences for a convicted parole violator when the new offenses is sentenced to the same place of confinement the offender previously paroled from [the] offender serves the back-time first, and then the new offense. That is how the cases were structured. Based on the review, your appeal and any requested relief is denied.

(Doc. 1, at 15.) It is clear that Priovolos violated his parole on the prior conviction and was recommitted with respect to that prior case. He did not commence serving his sentence of 5 to 12 months for the Bucks County conviction until he was re-paroled on January 22, 2016, with respect to the Montgomery County convictions. Priovolos has not alleged or attached any documents to his complaint indicating that he challenged the computation of his sentence in state or federal court by way of petition for writ of habeas corpus or otherwise,

---

2. BK-7170 refers to the prior convictions for third degree murder and robbery.

or that a court has indicated that the computation was erroneous and overturned the sentence of 5 to 12 months. Furthermore, an electronic search has not revealed any such challenge to and reversal of the 5 to 12 month sentence imposed by the Bucks County Court of Common Pleas.

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87. Thus, Priovolos's complaint for damages is legally frivolous.

Although the complaint as filed is frivolous, it is possible that the deficiencies may be remedies by amendment. Consequently, Priovolos will be granted such

opportunity.  Priovolos is also advised that the amended complaint must be complete in all respects.  It should delineate whether or not he challenged the computation of his sentence in state or federal court and the outcome of that challenge. The amended complaint must be a new pleading which stands by itself without reference to the complaint already filed.  Such amended complaint should set forth his claims in short, concise and plain statements.  It should specify which actions are alleged as to which defendants.  If Priovolos fails to file an amended complaint adhering to the standards set forth above, this case will be closed.

      An appropriate order will be entered.


               s/Sylvia Rambo
              SYLVIA H. RAMBO
              United States District Judge

Dated: December 19, 2016