IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EARNEST PRIOVOLOS,** | : | |
| Plaintiff | : | CIVIL NO. 1:16-CV-01999 |
| vs. | : | |
| **DEPARTMENT OF CORRECTIONS, et al.,** | : | (Judge Rambo) |
| Defendants | : | |

**MEMORANDUM**

**Background**

On September 30, 2016, Ernest Priovolos, a former inmate of the State Correctional Institution at Rockview, Bellefonte, Pennsylvania, filed a complaint pursuant to 42 U.S.C. § 1983 against (1) the Pennsylvania Department of Corrections; (2) John Wetzel, Secretary of the Department of Corrections; (3) Mark Garman, Superintendent at SCI-Rockview; and (4) Clerk Reed, (5) Supervisor Jessica Welch, and (6) K. Witman, all individuals employed in the Department of Records at SCI-Rockview. (Doc. 1.) The gist of Priovolos' complaint is that his rights under various provisions of the United States Constitution were violated when he was confined for 5 months beyond the date he was re-paroled

on prior criminal convictions. (Id.) As relief, Priovolos requests compensatory and punitive damages. (Id.) Along with the complaint Priovolos filed a motion to proceed in forma pauperis. (Doc. 2.) By memorandum and separate order of December 19, 2016 the court screened the complaint pursuant to the Prison Litigation Reform Act and determined that the complaint was subject to dismissal pursuant to Heck v. Humphrey, 512 U.S. 477 (1994).[1] The court, however, granted Priovolos an opportunity to file an amended complaint. Priovolos was advised that the amended complaint must be complete in all respects and delineate whether or not he challenged the computation of his sentence in state or federal court and the outcome of the challenge. The court

---

1. In Heck, the Supreme Court ruled that a constitutional cause of action for damages does not accrue "for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," until the plaintiff proves that the "conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." Id. at 486-87. Thus, Priovolos's complaint for damages was legally frivolous.

incorporates by reference the reasoning set forth in the memorandum of December 19, 2016.

On January 10, 2017, Priovolos filed an amended complaint which does not cure the defect of the original complaint. It is essentially a reiteration of the original complaint. Priovolos has not alleged or attached any documents to his amended complaint indicating that he challenged the computation of his sentence in state or federal court by way of a petition for writ of habeas corpus or otherwise or that a court has indicated that the computation was erroneous and overturned the sentence of 5 to 12 months. Consequently, Priovolos's claims for damages are barred by Heck v. Humphrey.

An appropriate order will be entered.

                         s/Sylvia Rambo
                         SYLVIA H. RAMBO
                         United States District Judge

Dated: January 12, 2017